**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Chip E. Leonard,                             ) | No. CV-12-08031-PCT-FJM |
|                  Plaintiff,                         ) | **ORDER** |
| vs.                                                      ) | |
| Carolyn Colvin, Commissioner of Social ) Security,                                             ) | |
|                  Defendant.                        ) | |

Plaintiff filed an application for disability insurance benefits on October 23, 2008. The claims were denied initially and upon reconsideration. Following a hearing on April 5, 2010, the administrative law judge ("ALJ") issued a decision finding that plaintiff was not disabled within the meaning of the Social Security Act, and denying benefits. The Appeals Council denied plaintiff's request for review on December 19, 2011, rendering the ALJ's decision final. Thereafter, plaintiff filed this action seeking judicial review pursuant to 42 U.S.C. § 405(g). We have before us plaintiff's opening brief (doc. 18), defendant's answering brief (doc. 19), plaintiff's reply brief (doc. 20), and the administrative record (doc. 15).

**I**

A district court may set aside a denial of benefits "only if it is not supported by substantial evidence or if it is based on legal error." Thomas v. Barnhart, 278 F.3d 947, 954 (9th Cir. 2002). Substantial evidence is "relevant evidence which, considering the record as

1  a whole, a reasonable person might accept as adequate to support a conclusion. Where the
2  evidence is susceptible to more than one rational interpretation, one of which supports the
3  ALJ's decision, the ALJ's conclusion must be upheld." Id. (citation omitted).
4        The ALJ followed the Social Security Act's five-step procedure to determine whether
5  plaintiff is disabled. See 20 C.F.R. § 416.920(a)(4). First, the ALJ determined that plaintiff
6  meets the status requirements of the Social Security Act and has not engaged in substantial
7  gainful activity since the date of alleged onset. Tr. 19. At step two, the ALJ found that
8  plaintiff suffered "severe" impairments including post total colectomy, construction of a new
9  ileoanal J-pouch with rectal cuff mucosectomy, and ileostomy takedown with resection and
10 reanastomosis. Id. At step three, the ALJ found plaintiff's impairments do not meet the
11 criteria listed in the regulations. Tr. 19. Next, the ALJ determined that plaintiff has the
12 residual functional capacity ("RFC") to perform light work as defined in 20 C.F.R. §
13 404.1567(b) and 416.967(b). Tr. 20. At step four, the ALJ concluded that plaintiff's RFC
14 prevents him from performing his past relevant work. Tr. 22. At step five, however, the ALJ
15 concluded that plaintiff is not disabled because his RFC does not preclude him from
16 performing other work existing in significant numbers in the national economy. Tr. 23.
17       Plaintiff challenges the ALJ's decision arguing that the ALJ erred by rejecting his
18 symptom testimony and formulating a defective RFC. Plaintiff urges that we remand for
19 administrative proceedings to clarify the plaintiff's RFC.
20       **II**
21       Plaintiff argues that the ALJ failed to properly evaluate the credibility of his symptom
22 testimony. Absent affirmative evidence of malingering, an ALJ must give clear and
23 convincing reasons in order to reject the plaintiff's symptom testimony. Molina v. Astrue,
24 674 F.3d 1104, 1112-1113 (9th Cir. 2012) (citations omitted). However, the ALJ is not
25 "required to believe every allegation of disabling pain." Id. When weighing a plaintiff's
26 credibility, "the ALJ may consider his reputation for truthfulness, inconsistencies either in
27 his testimony or between his testimony and his conduct, his daily activities, his work record,
28 and testimony from physicians and third parties concerning the nature, severity, and effect

of the symptoms of which he complains." Light v. Social Sec. Admin., 119 F.3d 789, 792 (9th Cir. 1997) (citations omitted).  The ALJ may also consider the dosage and effectiveness of any treatment or pain medication for relief of pain. Bunnell v. Sullivan, 947 F.2d 341, 346 (9th Cir. 1991).  "If the ALJ's credibility finding is supported by substantial evidence in the record, we may not engage in second-guessing." Thomas, 278 F.3d at 959.

Plaintiff asserted that he is not able to work because of abdominal pains and frequent bowel movements. Tr. 21.  The ALJ cited clear and convincing reasons to support his conclusion that plaintiff's testimony regarding the extent to which his impairment prevented him from working is not entirely credible. Tr. 21-22.  Specifically, the ALJ noted that although the surgery plaintiff had in February 2009 suggests that his abdominal symptoms were genuine, the record reflects that it was generally successful in relieving the symptoms. Tr. 22.  Substantial evidence in the record supports the ALJ's finding.  As the ALJ noted, examination notes dated February 16, 2009, from Dr. Robert A. Campbell ("Dr. Campbell"), one of plaintiff's treating physicians, state that plaintiff is "doing well," denies "significant abdominal pain," and "is having about five to seven bowel movements per day." Tr. 22, 286. The ALJ also noted that office visit notes by Dr. Charles W. Welly ("Dr. Welly") from May 2009 and February 2010 do not specify any complaints supporting plaintiff's symptom testimony. Tr. 21, 293-94.  Plaintiff argues that because Dr. Welly referred plaintiff back to Dr. Campbell six weeks before the hearing, the ALJ should have requested updated treatment records from the doctors.  However, it was not incumbent upon the ALJ to request those records.  Plaintiff has the burden of submitting evidence to support his disability claim.

The ALJ also noted that plaintiff's hearing testimony concerning his physical limitations was not entirely consistent with Dr. Campbell's office notes.  Specifically, plaintiff testified that he did not recall ever having less than ten to twelve bowel movements in a 24-hour period, post-surgery.  In contrast, Dr. Campbell's notes state that plaintiff had five to seven bowel movements per day.  Plaintiff argues that the discrepancy in his testimony and his treating physician's notes is due to inaccurate medical records.  Yet Dr.

Campbell recorded the same number of bowel movements twice – the day plaintiff was discharged from the hospital, and one week after his surgery. Tr. 275, 286. Although plausible, it is unlikely that the medical records were inaccurate. Moreover, our role is not to second guess an ALJ's finding where, as here, it is supported by substantial evidence in the record. See Morgan v. Comm'r of Soc. Sec. Admin., 169 F.3d 595, 600 (9th Cir. 1999).

Plaintiff argues that Janet Richmond, plaintiff's girlfriend, corroborated his testimony regarding bowel movements and that the ALJ erred in finding her statement lacked credibility. "The ALJ may reject a third party's testimony upon giving a reason germane to that witness." Parra v. Astrue, 481 F.3d 742, 750 (9th Cir. 2007). The ALJ gave several germane reasons for giving less weight to Janet's statement, including that she is not medically trained to make exacting observations about symptoms, and that her testimony was biased by virtue of her personal relationship with plaintiff. Therefore, we find the ALJ did not err in finding Janet's testimony was not entirely credible. See Greger v. Barnhart, 464 F.3d 968, 972 ( Cir. 2006) (finding ALJ did not err in rejecting lay witness testimony that was possibly influenced by close relationship with plaintiff).

The ALJ noted that the lack of treatment following plaintiff's surgery suggests the symptoms may not have been as serious as alleged. Tr. 21. Plaintiff argues that the ALJ's adverse inference from the absence of regular and continuing medical care is not legally warranted or valid. We disagree. "[U]nexplained, or inadequately explained, failure to seek treatment may be the basis for an adverse credibility finding unless one of a number of good reasons for not doing so applies." Orn v. Astrue, 495 F.3d 625, 638 (9th Cir. 2007) (citation and internal quotations omitted). Plaintiff contends that he told the ALJ that medications had not been effective in relieving gas pain symptoms. However, he does not explain why he did not seek alternative treatment. Indeed, plaintiff concedes that there is nothing in the record showing that he received postsurgical treatment. It was reasonable for the ALJ to conclude that the lack of postsurgical treatment was inconsistent with the plaintiff's level of complaints. See e.g. Molina v. Astrue, 674 F.3d 1104, 1114 (9th Cir. 2012).

- 4 -

1  Evidence that plaintiff's symptoms improved after his 2009 surgery, inconsistencies
2  in plaintiff's testimony, and the lack of evidence of postsurgery treatment together constitute
3  clear and convincing reasons in support of the ALJ's credibility determination.

### III

Plaintiff argues that the ALJ erred in assessing plaintiff's RFC by adopting only part of Dr. Terry's assessment, and ignoring the finding that plaintiff needed to make "frequent trips to the bathroom." Dr. Terry's notes state:

> The claimant's colon cancer and polyps do not meet or equal listing severity. He would expected [sic] to improve to his baseline and should be limited to lifting 10 lbs frequently and 20 lbs occasionally due to history of multiple abdominal surgeries with recurrent SBO's and painful adhesions. He should also limit climbing scaffolds to occas [sic] due to need for frequent trips to the bathroom. Tr. 251.

These limitations were included in the ALJ's RFC assessment, which stated that plaintiff "is able to lift up to twenty pounds occasionally, and up to ten pounds frequently . . . [and] has postural limitations that preclude more than occasional use of ladders, ropes and scaffolds." Tr. 20. The ALJ did not, as plaintiff contends, fail to consider plaintiff's need for frequent trips to the bathroom. In fact, as discussed above, the ALJ determined that plaintiff's claim regarding the frequency of his bowel movements is not credible to the extent alleged. The ALJ's conclusion that after completing his treatment plaintiff had the ability to perform a full range of light work is rational and supported by substantial evidence in the record. Tr. 23.

### V

Based on the foregoing, we conclude that substantial evidence in the record supports the ALJ's conclusion that plaintiff is not disabled. Therefore, **IT IS ORDERED**

///

///

///

- 5 -

**AFFIRMING** the decision of the Commissioner denying disability benefits. The clerk shall enter final judgment.

DATED this 7th day of May, 2013.

*Frederick J. Martone*
Frederick J. Martone
Senior United States District Judge